**E-filed 9/30/08**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

|  |  |
|---|---|
| PHH MORTGAGE CORP.,<br><br>Plaintiff,<br><br>v.<br><br>LANDMARK REAL ESTATE INVESTMENTS, INC., et al.<br><br>Defendants. | Case Number C 07-0369 JF (HRL)<br><br>ORDER[1] DENYING MOTION TO REMAND<br><br>[re: docket no. 177] |

## I. BACKGROUND

Cross-defendants PFS Mortgage Loans ("PFS") and James Molinaro II ("Molinaro")
move to remand this case to the Santa Clara Superior Court. For the reasons stated below, the
motion will be denied.

Invoking the Court's diversity jurisdiction, Plaintiff PHH Mortgage Corporation filed its
original complaint in this Court against Defendants Landmark Real Estate Investments and Hao
Nguyen. Defendants filed state law cross-claims against approximately forty cross-defendants,
including PFS and Molinaro. On February 4, 2008, Plaintiff reached a partial settlement of its

---

[1] This disposition is not designated for publication in the official reports.

1   claims against each of the Defendants, who in turn reached partial settlement with many of the

2   cross-defendants.[2]  PFS and Molinaro thereafter filed the instant motion to remand.  No

3   opposition was filed.

4                                        **II.  DISCUSSION**

5          In light of the apparent disposition of Plaintiff's claims against Defendants, Movants

6   argue that this Court lacks proper subject matter jurisdiction because there is no diversity of

7   citizenship among the remaining parties. Remand is the process by which a federal court returns

8   a case to the state court from which it was removed.  *See* 28 U.S.C. § 1447 (providing for the

9   procedure after removal "[i]n any case removed from a State court"); *see e.g., Price v. PSA, Inc.*,

10  829 F.2d 871, 876 (9th Cir. 1987) ("the rule in this circuit is that the district court has discretion

11  to remand the rest of the action to the state court from which it is removed").  A district court

12  may not remand a case to state court when the case was not filed there in the first place, and a

13  district court may transfer a civil action only to another "district or division where it might have

14  been brought."  28 U.S.C. § 1404(a) (transfers "[f]or the convenience of parties and witnesses").

15  This provision does not permit transfer from a federal court to a state court.  *Pope v. Atlantic*

16  *Coast Line R. Co.*, 345 U.S. 379, 384 (1953).

17         Because Plaintiff filed its original complaint in this Court, the instant case cannot be

18  remanded or transferred to the state court.  If Movants wish to assert a challenge to this Court's

19  subject matter jurisdiction, they may seek dismissal pursuant to Rule 12(b)(1) of the Federal

20  Rules of Civil Procedure.  The Court notes, however, that "[t]he general rule in diversity cases is

21  that if the jurisdictional requisites are present when the action begins, subsequent events will not

22  ordinarily defeat the district court's jurisdiction." *Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir.

23  1980) (third-partly claim survived settlement of the main action upon which diversity jurisdiction

24  depended).

25

26

27  ───────────────────

28         [2]The status of the settlement agreements is uncertain.

1

**III.  CONCLUSION**

2        Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to remand is

3 DENIED.

4

5

6 DATED: September 30, 2008

7

8                                              _____
                                               JEREMY FOGEL

9                                              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                3

1   This Order has been served upon the following persons:

2   Marc Alan Eisenhart              mae@gedlaw.com

3   Suzanne M Hankins               smh@severson.com

4   Patricia Lynn McClaran          plm@severson.com

5   Sunny K. Hur                    skh@severson.com

6   William C. Dresser              loofwcd@aol.com

7   Richard Augustus Swenson        rsloofwcd@aol.com

8   Jeffrey Paul Widman             jpwidman@comcast.net

9   Timothy D. Widman               tdwidman@comcast.net

10  Robin D. Dakan                  pushpa@mlfn.net

11  Roger Dean Wintle               rdw@hlgusa.com

12  Matthew J. Durket               mjd@durketlaw.com

13  Ismael D. Perez                 easy@perezlawoffice.com

14  Ann Anh Phuong Nguyen           aan@robinsonwood.com

15  Shawn Robert Parr               shawn@parrlawgroup.com

16

17  Carlos Garcia
    2301 Chrysler Drive
18  Modesto, CA 95350
    209-544-8641
19  PRO SE

20  Ramon Castillo
    2616 Floyd Avenue
21  Modesto, CA 95355
    209-551-3652
22  PRO SE

4